IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TODD SPAUR, | Case No. |
| Plaintiff, | State Case No. LACV096651 |
| v. | |
| MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities, | **NOTICE OF REMOVAL OF CIVIL ACTION AND RULE 81.1 STATEMENT** |
| Defendants. | |

**COME NOW** Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, in his Individual and Official Capacities, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of removal of this action from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa.  In support thereof, Defendants state:

1.      Plaintiff filed his Petition in the Iowa District Court for Marion County on or about April 24, 2018.  Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, was purportedly served with the Original Notice and

Petition and filed an Acceptance of Service on May 21, 2018.  Pursuant to 28 U.S.C. § 1446(a) and LR 81(a), pleadings filed in the state case are attached hereto as Exhibit A.

2.  This cause may be removed from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition, Count I, allege claims under 42 U.S.C. § 12131.

3.  This cause may be removed from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition, Count II and Count III, allege claims under 42 U.S.C. § 1983.

4.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff, through his attorney, and will be filed with the Iowa District Court for Marion County.

5.  Pursuant to Local Rule 81, Defendants state that they are unaware of any other matters pending in state court.  The attorneys appearing in state court on behalf of the Plaintiff is Paige Fiedler and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., 8831 Windsor Parkway, Johnston, Iowa, 50131.  Their telephone number is 515-254-1999 and their facsimile number is 515-254-9923.  Ms. Fiedler's e-mail address is paige@employmentlawiowa.com.     Ms.     Carlson's     e-mail     address     is katie@employmentlawiowa.com.

**WHEREFORE**, for the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and over the parties, and removal is proper pursuant to 28 U.S.C. § 1441.  Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, therefore, respectfully request this Court accept jurisdiction of this matter.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:   */s/ Jason C. Palmer*

Jason C. Palmer  AT0006089
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Telephone: (515) 243-4191
Facsimile  (515) 246-5808
E-Mail:  palmer.jason@bradshawlaw.com

ATTORNEY FOR DEFENDANTS

Paige Fiedler
Katie Ervin Carlson
FIEDLER & TIMMER, P.L.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone:  515-254-1999
Facsimile:  515-254-9923
E-Mail:  paige@employmentlawiowa.com
        katie@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the ___ of _____, 2018 by:

☐ U.S. Mail        ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express    ☒ Other: CM/ECF

E-FILED 2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR,<br><br>        Plaintiff,<br><br>vs.<br><br>MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities,<br><br>        Defendants. | Case No. _LACV096651_<br><br><br><br>**PETITION**<br>**and**<br>**JURY DEMAND** |

COMES NOW the Plaintiff, Todd Spaur, and for his cause of action against Defendants, hereby states as follows:

### INTRODUCTION

"[I]ndividuals with disabilities are a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and relegated to a position of political powerlessness in our society, based on characteristics that are beyond the control of such individuals and resulting from stereotypic assumptions not truly indicative of the individual ability of such individuals to participate in, and contribute to, society." *Tennessee v. Lane*, 541 U.S. 509, 516 (2004) (citing 42 U.S.C. § 12101(a)(7)).

1.      This is an action challenging Defendants' illegal disability discrimination against Plaintiff in violation of Title II of the Americans with Disabilities Act as amended, 42 U.S.C. § 12101, *et seq.* ("ADAAA"); Defendants' violation of Plaintiff's rights to medical care and humane jail conditions as guaranteed by the Eighth and Fourteenth Amendments of the United States' Constitution; Defendants' violation of Plaintiff's equal protection right to be treated the same as non-disabled individuals as guaranteed by the Fourteenth Amendment of the United States' Constitution; Defendants' violation of Plaintiff's right to medical care and humane jail conditions as guaranteed by Article I § 17 of the Iowa Constitution; and Defendants' violation of Plaintiff's equal protection right

1



to be treated the same as non-disabled individuals as guaranteed by Article I § 6 of the Iowa Constitution.

2.      Plaintiff Todd Spaur ("Todd") is a resident of Marion County, Iowa.

3.      Defendant Marion County, Iowa is a political subdivision of the State of Iowa with its administrative offices located at 214 East Main Street, Knoxville, Iowa.  Marion County operates the Marion County Sheriff's Department and the Marion County Jail.

4.      At all material times, Defendant Jason Sandholdt was the Marion County Sheriff and an employee, agent, or servant of Marion County.  He is sued individually and in his official capacity.

5.      At all material times, Defendant Brian Bigaouette was the Marion County Jail Administrator and an employee, agent, or servant of Marion County.  He is sued individually and in his official capacity.

6.      The acts of which Plaintiff complains occurred in Marion County, Iowa.

## BACKGROUND FACTS

### Todd Spaur's Impairments

7.      Todd was involved in an automobile accident in 1994 and suffered a spinal cord injury.

8.      Todd's spinal cord injury substantially impacts and impairs his ability to walk, empty his bladder, and have bowel movements.  It also substantially limits Todd's central nervous system.

9.      To walk, Todd must use a cane and/or a leg brace/ankle foot orthis ("AFO").

10.     The AFO is hard plastic made from a cast and is custom fit to Todd's leg.

11.     Todd must wear special shoes made for use with his AFO.

12.     Because of his spinal cord injury, Todd has extremely limited bladder and bowel control, so he wears an adult diaper when he is out in public.

13.     Todd uses a catheter to collect his urine at least three times each day.  If he does not use a catheter on that regular schedule, Todd develops bladder or urinary tract infections.

2

14.     Todd's limited bowel control results in a bowel movement about 20 minutes after he eats.  Because of this, Todd cannot go to restaurants and eat in public.

15.     Due to his limited bladder and bowel control, Todd does not generally eat or drink anything after 8:00 p.m.

16.     Todd is also an alcoholic.

**The Marion County Jail**

17.     Under the authority of Iowa Code section 331.653(35), Marion County Sheriff Jason Sandholdt operates the Marion County Jail located at 211 North Godfrey Lane, Knoxville, Iowa.

18.     As the Marion County Jail Administrator, Brian Bigaouette is the Sheriff's designee responsible for the operation of jail facilities.  Iowa Admin. Code r. 201—50.1.

19.     As Jail Administrator, Defendant Bigaouette is responsible for establishing a written policy and procedure to ensure that prisoners have the opportunity to receive necessary medical attention for serious medical conditions known to the jail staff.  Iowa Administrative Code r. 201—50.15

20.     As Jail Administrator, Defendant Bigaouette is also responsible for ensuring that inmates and detainees are not subject to discriminatory treatment based upon disability absent a compelling reason for said discriminatory treatment.  Iowa Administrative Code r. 201—50.2(6).

21.     Iowa law prohibits discrimination on the basis of a disability in the provision of services, programs, and activities of a county jail.  Iowa Administrative Code r. 201—50.2(6).

**Todd's Arrest and Initial Incarceration**

22.     On May 28, 2017, Todd was arrested for Operating a Motor Vehicle While Intoxicated.

23.     Todd spent that night in the Marion County Jail.

24.     Todd had a court appearance at 8:00 a.m. the next morning.

3

E-FILED 2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

25.     During his court appearance, Todd asked to be released on his own recognizance because of his spinal injury and the fact that he had used all his clean catheters.

26.     The judge rejected Todd's request, telling him that was too bad and that he should have thought of that before.

27.     Todd contracted a bladder infection from the used catheters.

28.     Todd plead guilty to the charges against him and was sentenced to an additional two days in the Marion County Jail. He was to report to the jail and begin his sentence on June 12, 2017.

29.     Todd was so anxious about how he would deal with his physical impairments in jail that on June 11, 2017, he called and spoke with Defendant Bigaouette. Todd told Defendant Bigaouette:

   a.  that he has limited bowel and bladder control, which he finds embarrassing;

   b.  that he cannot walk without a cane unless he wears his AFO and special shoe, and if he does not have the AFO and special shoe, he cannot not walk without the assistance of a cane; and

   c.  that he needs access to his catheter because otherwise he will develop an infection, which happened during his initial overnight jail stay on May 28, 2017.

30.     Todd asked Defendant Bigaouette for the accommodation of serving his sentence in a cell by himself.

31.     In response to Todd's accommodation request, Defendant Bigaouette stated words to the effect of, "Why don't you just get a colostomy bag? Wouldn't that be easier?"

**Todd's June 2017 Incarceration**

32.     On June 12, 2017, Todd reported to the Marion County Jail to serve his sentence.

33.     Over Todd's protest, Defendant Bigaouette confiscated Todd's cane and special shoe. Todd was provided with jail-issued sandals, rendering his AFO useless.

34.     Without the help of his AFO or cane, Todd could barely walk.

35.     Todd was placed in a cell with approximately 20 other inmates.

4

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

36.     The cell had a call button to summon help, but Todd could not walk to reach it.

37.     Todd was given a cup for water.  As he attempted to ambulate to the cell's sink to get a glass of water, he began to fall.  Another inmate helped Todd back to his bunk.

38.     A handful of inmates in Todd's cell observed his physical limitations and voiced their concerns to the Marion County jailers on duty.  The jailers did nothing in response.

39.     Because he was essentially immobile, Todd stayed in his bunk and for the first few hours attempted to sleep with a towel over his head.

40.     A few hours into his stay, Todd needed to go to the bathroom and change his catheter. Another inmate kindly pressed the jailer call button for Todd.

41.     A jailer came to the cell with Todd's cane and allowed him to use a private bathroom.

42.     After Todd changed his catheter and returned to the cell, the jailer took Todd's cane, leaving him once again immobile.

43.     During mealtimes, the jailers placed the inmates' food on a table out of Todd's reach. While other inmates graciously brought food to Todd, he refused it, knowing that if he ate, he would have to have a bowel movement almost immediately.

44.     Once in the middle of the night a female jailer came to the cell unprompted and asked if Todd needed to use the bathroom.  That was the only unprompted assistance Todd was offered by Defendants during his incarceration.

45.     By his second day in the Marion County Jail, Todd was very hungry and reluctantly ate some food.

46.     As he knew would happen, Todd had to have a bowel movement within minutes.  He did his best to get to one of the toilets in the cell, using a bedframe and the cell wall for support.

47.     As he struggled to reach the toilet, Todd felt feces running out of his diaper and down his legs.  He was too late.

5

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

48.     Panicked and humiliated, Todd made his way back to his bunk and tried to minimize his embarrassment by hiding his soiled diaper in a towel.  Todd then asked another inmate to press the call button for a jailer.

49.     The jailer took Todd to the private bathroom where he was given his diapers and catheters.

50.     The private bathroom had a shower, so Todd did his best to clean up.  Todd tried to use the toilet and wall to steady himself in the shower but slipped and fell hard on the concrete floor.

51.     When he managed to pull himself back up, Todd heard laughter through a small window in the bathroom.

52.     Todd put on a new diaper, a new pair of underwear, and his jail-issued jumpsuit.  Some of his feces had leaked on to his jumpsuit, but he was too embarrassed to ask for a new one.

53.     When Todd got back to his cell, he saw another inmate was attempting to clean the mess he had made on the cell's toilet.  Todd was horrified.

54.     Upon information and belief, the Marion County Jail has accessible cells for inmates with physical impairments.  Defendants never gave Todd the option of being placed in an accessible cell.

55.     Upon information and belief, the Marion County Jail also has single cells with their own toilet.  Defendants never gave Todd the option of being placed in a single cell.

56.     All jailers working during Todd's incarceration in June 2012 were employees and agents of Defendants, acting at all material times in the scope of their employment and agency.

## COUNT I
### VIOLATION OF TITLE II OF
### THE AMERICANS WITH DISABILITIES ACT
### AGAINST DEFENDANTS MARION COUNTY, IOWA
### and SHERIFF JASON SANDHOLDT, in his Official Capacity

57.     Plaintiff repleads paragraphs 1 through 56 as if fully set forth herein.

58.     Todd is a qualified individual with a disability within the meaning of the ADAAA, 42 U.S.C. § 12131(2).

59.     The Marion County Jail is a public entity within the meaning of the ADAAA, 42 U.S.C. § 12131(1)(A), (B).

60.     During his incarceration at the Marion County Jail, Todd was qualified to receive the benefits and services offered by the Jail.

61.     Todd was excluded from participation, denied benefits, and was otherwise subjected to discrimination in the provision of services because of his disability, all in violation of Title II of the ADAAA, 42 U.S.C. § 12132.

62.     As a result of Marion County's acts and omissions, Todd has in the past and will in the future suffer injuries and damages including, but not limited to mental and emotional harm and anguish, embarrassment, humiliation, anger, frustration, disappointment, regret, despair, nightmares, discomfort, loss of enjoyment of life, degradation, disgrace, apprehensiveness, restlessness, unease, fear of going into public, and disruption to his peace of mind.

WHEREFORE, Plaintiff demands judgment against Marion County and Sheriff Jason Sandholdt in his official capacity, jointly and severally in an amount which will fully and fairly compensate Plaintiff for his injuries and damages, for prejudgment and post judgment interest, for attorney fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for any such other relief provided by or appropriate under the Americans with Disabilities Act.

## COUNT II
### 42 U.S.C. § 1983 – VIOLATION OF PLAINTIFF'S RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST DEFENDANTS MARION COUNTY, IOWA, SHERIFF JASON SANDHOLDT, in his Individual and Official Capacity, and JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacity

63.     Plaintiff repleads paragraphs 1 through 62 as if fully set forth herein.

7

64.     Todd suffers from objectively serious medical needs, illnesses, and/or injuries.

65.     Defendants, through their agents, servants, and employees, knew of Todd's serious medical needs, illnesses, and/or injuries.

66.     Defendants, through their agents, servants, and employees, established an official policy, practice, or custom of reckless or deliberate indifference to the serious medical needs, illness, and/or injuries of inmates and detainees.

67.     Todd was subject to Defendants' official policy, practice, or custom during his incarceration in the Marion County Jail.

68.     Marion County's official policy, practice, or custom in general, and as applied to Todd, was purposeful and intentional.

69.     Defendant Marion County deprived Todd of his right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

70.     Defendants knew of Todd's serious medical needs, illnesses, and/or injuries.

71.     Defendants acted with reckless or deliberate indifference to Todd's serious medical needs, illness, and/or injuries.

72.     Defendants acted under color of state law.

73.     Defendants deprived Todd of his right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

74.     As a result of Defendants' acts and omissions, Todd has in the past and will in the future suffer injuries as set forth in paragraph 59 above.

75.     Defendants acted with willful and wanton disregard for Todd's rights and safety, entitling him to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for prejudgment and post judgment interest, for attorney fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, for punitive damages against Defendants Sandholdt and Bigaouette in their individual capacities in an amount sufficient to punish them and to deter them and others from engaging in the same or similar conduct, and for any such other relief as is appropriate.

## COUNT III
### 42 U.S.C. § 1983 – VIOLATION OF PLAINTIFF'S EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AGAINST DEFENDANTS MARION COUNTY, IOWA, SHERIFF JASON SANDHOLDT, in his Individual and Official Capacity, and JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacity

76.     Plaintiff repleads paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants, through their agents, servants, and employees, have discriminated against people with disabilities by establishing, maintaining, and enforcing policies, practices, or customs that result in disabled detainees and inmates being punished more severely than able-bodied detainees and inmates.

78.     In the alternative, Defendants' discriminatory conduct of establishing, maintaining, and enforcing policies, customs, or practices that result in disabled detainees and inmates being punished more severely than able-bodied detainees and inmates was a policy, practice, or custom of which Marion County and its policy makers, including Sheriff Sandholdt and Jail Administrator Bigaouette, had actual or constructive knowledge.

79.     Todd was subject to Defendants' official policy, practice, or custom during his incarceration in the Marion County Jail.

80.     Defendants' official policy, practice, or custom in general, and as applied to Todd, was purposeful and intentional.

81.    Defendants deprived Todd of rights to which he is entitled under the Equal Protection Clause of the

82.    Defendants subjected Todd to disability discrimination at the Marion County Jail by failing to reasonably accommodate his disabilities.

83.    Defendants deprived Todd of the rights to which he is entitled under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

84.    As a result of Defendants' acts and omissions, Todd has in the past and will in the future suffer injuries as set forth in paragraph 59 above.

85.    Defendants acted with willful and wanton disregard for Todd's rights and safety, entitling him to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for prejudgment and post judgment interest, for attorney fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, for punitive damages against Defendants Sandholdt and Bigaouette in their individual capacities in an amount sufficient to punish them and to deter them and others from engaging in the same or similar conduct, and for any such other relief as is appropriate.

**COUNT IV**
**VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER ARTICLE I § 17 OF THE IOWA CONSTITUTION AGAINST DEFENDANTS MARION COUNTY, IOWA, SHERIFF JASON SANDHOLDT, in his Individual and Official Capacity, and JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacity**

86.    Plaintiff repleads paragraphs 1 through 85 as if fully set forth herein.

87.    Todd suffers from objectively serious medical needs, illnesses, and/or injuries.

88.    Defendants, through their agents, servants, and employees, knew or should have known of Todd's serious medical needs, illnesses, and/or injuries.

10

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

89.     Defendants deprived Todd of his right to be free from cruel and unusual punishment, as guaranteed by Article I § 17 of the Iowa Constitution.

90.     As a result of Defendants' acts and omissions, Todd has in the past and will in the future suffer injuries as set forth in paragraph 59 above.

91.     Defendants acted with willful and wanton disregard for Todd's rights and safety, entitling him to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for prejudgment and post judgment interest, for attorney fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from engaging in the same or similar conduct, and for any such other relief as is appropriate.

## COUNT V
### VIOLATION OF PLAINTIFF'S EQUAL PROTECTION RIGHTS UNDER ARTICLE I § 6 OF THE IOWA CONSTITUTION AGAINST DEFENDANTS MARION COUNTY, IOWA, SHERIFF JASON SANDHOLDT, in his Individual and Official Capacity, and JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacity

92.     Plaintiff repleads paragraphs 1 through 91 as if fully set forth herein.

93.     By failing to reasonably accommodate his disabilities, Defendants ensured that Todd would be punished more severely than similarly situated able-bodied inmates who had been ordered to serve the same sentence.

94.     Defendants thereby deprived Todd of rights to which he is entitled under the Equal Protection Clause of the Iowa Constitution, Article I § 6.

95.     As a result of Defendants' acts and omissions, Todd has in the past and will in the future suffer injuries as set forth in paragraph 59 above.

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

96.     Defendants acted with willful and wanton disregard for Todd's rights and safety, entitling him to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate him for his injuries and damages, for prejudgment and post judgment interest, for attorney fees and expenses, for the costs of this action, for appropriate equitable and injunctive relief, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from engaging in the same or similar conduct, and for any such other relief as is appropriate.

## JURY DEMAND

COMES NOW the Plaintiff and demands a trial by jury.

*/s/ Katie Ervin Carlson*
FIEDLER & TIMMER, P.L.L.C.
Paige Fiedler AT0002496
paige@employmentlawiowa.com
Katie Ervin Carlson AT0008958
katie@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities, | **ORIGINAL NOTICE** |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT:   MARION COUNTY JAIL ADMINISTRATOR
BRIAN BIGAOUETTE

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a Defendant in this action.  A copy of the Petition is attached to this notice.  The attorneys for the plaintiff are Paige Fiedler and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Marion County.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_____
CLERK OF COURT
Marion County Courthouse
Knoxville, Iowa

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2018 APR 24 2:45 PM MARION - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  LACV096651

*County*  Marion

*Case Title*   TODD SPAUR V. MARION COUNTY, IOWA, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*

---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*   04/24/2018 02:45:03 PM



*District Clerk of* Marion                    *County*

/s/ Sue Beary

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR,<br><br>      Plaintiff,<br><br>vs.<br><br>MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities,<br><br>      Defendants. | Case No. _____<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:    MARION COUNTY SHERIFF JASON SANDHOLDT

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a Defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Marion County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


                                 _____

                                 CLERK OF COURT
                                 Marion County Courthouse
                                 Knoxville, Iowa

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED   2018 APR 24 2:45 PM MARION - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV096651

*County* Marion

*Case Title*  TODD SPAUR V. MARION COUNTY, IOWA, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*

---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  04/24/2018 02:45:03 PM



*District Clerk of* Marion                    *County*

/s/ Sue Beary

E-FILED  2018 APR 24 11:36 AM MARION - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR,<br><br>    Plaintiff,<br><br>vs.<br><br>MARION COUNTY, IOWA; MARION<br>COUNTY SHERIFF JASON SANDHOLDT,<br>in his Individual and Official Capacities; and<br>MARION COUNTY JAIL<br>ADMINISTRATOR BRIAN BIGAOUETTE,<br>in his Individual and Official Capacities,<br><br>    Defendants. | Case No. _____<br><br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:    MARION COUNTY, IOWA

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a Defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Marion County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_____
CLERK OF COURT
Marion County Courthouse
Knoxville, Iowa

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2018 APR 24 2:45 PM MARION - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* **LACV096651**

*County* **Marion**

*Case Title* **TODD SPAUR V. MARION COUNTY, IOWA, ET AL.**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*




---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* **04/24/2018 02:45:03 PM**



*District Clerk of* Marion          *County*

**/s/ Sue Beary**

E-FILED  2018 MAY 21 10:33 AM MARION - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR,<br><br>     Plaintiff,<br><br>v.<br><br>MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities,<br><br>     Defendants. | Case No. LACV096651<br><br><br>**ACCEPTANCE OF SERVICE** |

**COMES NOW** Jason C. Palmer of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., 801 Grand Avenue, Suite 3700, Des Moines, Iowa, and hereby accepts and acknowledges lawful service of the Original Notice and Petition in the above matter on behalf of Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, in his Individual and Official Capacities, on May 21, 2018.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:   */s/ Jason C. Palmer*
      Jason C. Palmer  AT0006089
      801 Grand Avenue, Suite 3700
      Des Moines, IA  50309-8004
      Telephone: (515) 243-4191
      Facsimile (515) 246-5808
      E-Mail: palmer.jason@bradshawlaw.com

ATTORNEY FOR DEFENDANTS

E-FILED  2018 MAY 21 10:33 AM MARION - CLERK OF DISTRICT COURT

Paige Fiedler
Katie Ervin Carlson
FIEDLER & TIMMER, P.L.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone:  515-254-1999
Facsimile:  515-254-9923
E-Mail:  paige@employmentlawiowa.com
        katie@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the ___ of _____ 2018 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered     ☐ UPS
☐ Federal Express    ☑ Other: CM/ECF

E-FILED  2018 MAY 25 8:35 AM MARION - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MARION COUNTY

| | |
|---|---|
| TODD SPAUR, | Case No. LACV096651 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities, | |
| Defendants. | |

**COME NOW** Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, in his Individual and Official Capacities, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1446(d), hereby notifies the Iowa District Court in and for Marion County of their Notice of Removal to the United States District Court in and for the Southern District of Iowa, Central Division. A copy of the Notice of Removal is attached hereto and is by this reference made a part hereof.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:   */s/ Jason C. Palmer*
      Jason C. Palmer  AT0006089
      801 Grand Avenue, Suite 3700
      Des Moines, IA  50309-8004
      Telephone:  (515) 243-4191
      Facsimile  (515) 246-5808
      E-Mail:  palmer.jason@bradshawlaw.com

ATTORNEY FOR DEFENDANTS

Paige Fiedler
Katie Ervin Carlson
FIEDLER & TIMMER, P.L.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone:  515-254-1999
Facsimile:  515-254-9923
E-Mail:  paige@employmentlawiowa.com
        katie@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the ____ of _____, 2018 by:

☐ U.S. Mail      ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express   ☑ Other: CM/ECF

2

E-FILED  2018 MAY 25 8:35 AM MARION - CLERK OF DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TODD SPAUR, | Case No. |
| Plaintiff, | State Case No. LACV096651 |
| v. | |
| MARION COUNTY, IOWA; MARION COUNTY SHERIFF JASON SANDHOLDT, in his Individual and Official Capacities; and MARION COUNTY JAIL ADMINISTRATOR BRIAN BIGAOUETTE, in his Individual and Official Capacities, | **NOTICE OF REMOVAL OF CIVIL ACTION AND RULE 81.1 STATEMENT** |
| Defendants. | |

**COME NOW** Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, in his Individual and Official Capacities, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of removal of this action from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa.  In support thereof, Defendants state:

1.      Plaintiff filed his Petition in the Iowa District Court for Marion County on or about April 24, 2018.  Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, was purportedly served with the Original Notice and

E-FILED  2018 MAY 25 8:35 AM MARION - CLERK OF DISTRICT COURT

Petition and filed an Acceptance of Service on May 21, 2018.  Pursuant to 28 U.S.C. § 1446(a) and LR 81(a), pleadings filed in the state case are attached hereto as Exhibit A.

2.     This cause may be removed from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition, Count I, allege claims under 42 U.S.C. § 12131.

3.     This cause may be removed from the Iowa District Court for Marion County to the United States District Court for the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition, Count II and Count III, allege claims under 42 U.S.C. § 1983.

4.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff, through his attorney, and will be filed with the Iowa District Court for Marion County.

5.     Pursuant to Local Rule 81, Defendants state that they are unaware of any other matters pending in state court.  The attorneys appearing in state court on behalf of the Plaintiff is Paige Fiedler and Katie Ervin Carlson of Fiedler & Timmer, P.L.L.C., 8831 Windsor Parkway, Johnston, Iowa, 50131.  Their telephone number is 515-254-1999 and their facsimile number is 515-254-9923.  Ms. Fiedler's e-mail address is paige@employmentlawiowa.com.     Ms.     Carlson's     e-mail     address     is katie@employmentlawiowa.com.

E-FILED  2018 MAY 25 8:35 AM MARION - CLERK OF DISTRICT COURT

**WHEREFORE**, for the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and over the parties, and removal is proper pursuant to 28 U.S.C. § 1441. Defendants, Marion County, Iowa, Marion County Sheriff Jason Sandholdt, in his Individual and Official Capacities, and Marion County Jail Administrator Brian Bigaouette, therefore, respectfully request this Court accept jurisdiction of this matter.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _/s/ Jason C. Palmer_

        Jason C. Palmer  AT0006089
        801 Grand Avenue, Suite 3700
        Des Moines, IA  50309-8004
        Telephone:  (515) 243-4191
        Facsimile  (515) 246-5808
        E-Mail:  palmer.jason@bradshawlaw.com

ATTORNEY FOR DEFENDANTS

Paige Fiedler
Katie Ervin Carlson
FIEDLER & TIMMER, P.L.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone:  515-254-1999
Facsimile:  515-254-9923
E-Mail:  paige@employmentlawiowa.com
        katie@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

3

E-FILED  2018 MAY 25 8:35 AM MARION - CLERK OF DISTRICT COURT

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the _____ of _____, 2018 by:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Federal Express
- ☐ FAX
- ☐ UPS
- ☒ Other: CM/ECF